IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | NO. 08-0731-CV-W-SOW |
| v. | ) | C O M P L A I N T |
| IMAGINE SCHOOLS, INC., | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Lushonda Smith and Charity Brooks who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7(a) and (b) below, Imagine Schools, Inc. failed to hire Smith and Brooks for administrative positions because of their pregnancies.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri, Western Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Imagine Schools, Inc. (the "Employer"), has continuously been a Virginia Corporation doing business in the State of Missouri and the City of Kansas City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lushonda Smith and Charity Brooks filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about July 2006, Defendant Employer engaged in unlawful employment practices in Kansas City, Missouri in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

(a) Defendant Employer failed to hire Lushonda Smith for the position of Business Manager at Renaissance Academy because of her pregnancy; and

(b) Defendant Employer failed to hire Charity Brooks for the position of Administrative Assistant and Community Outreach Coordinator at Renaissance Academy because of her pregnancy.

8. The effect of the practices complained of in paragraph(s) 7(a) and (b) above has been to deprive Lushonda Smith and Charity Brooks of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their sex.

9. The unlawful employment practices complained of in paragraphs 7(a) and (b) above were intentional.

10. The unlawful employment practices complained of in paragraphs 7(a) and (b) above were done with malice or with reckless indifference to the federally protected rights of Lushonda Smith and Charity Brooks.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in pregnancy discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Lushonda Smith and Charity Brooks, by providing appropriate backpay with prejudgment interest, in amounts to be determined at

trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Lushonda Smith and Charity Brooks, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) and (b) above, including medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Lushonda Smith and Charity Brooks by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) and (b) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Lushonda Smith and Charity Brooks punitive damages for its malicious and reckless conduct described in paragraphs 7(a) and (b) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Barbara A. Seely
Regional Attorney

s/ Anne E. Gusewelle
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Kansas City Area Office
4th & State Avenue, 9th Floor
Kansas City, Kansas 66101
(913) 551-5844